OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



April 12, 2000

The Honorable Michael P. Fleming
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. JC-0206

Re: Whether the County Purchasing Act, TEX. LOC. GOV'T CODE ANN. §§ 262.021-.035 (Vernon 1999 & Supp. 2000), applies to the purchases of a local government corporation created by a county under subchapter D, chapter 431 of the Transportation Code (RQ-0139-JC)

Dear Mr. Fleming:

You ask whether the County Purchasing Act, TEX. LOC. GOV'T CODE ANN. §§ 262.021-.035 (Vernon 1999 & Supp. 2000), applies to the purchases of a local government corporation created by Harris County (the "County") under subchapter D, chapter 431 of the Transportation Code. We conclude that because 1999 amendments to subchapter D exempt the contracts of a local government corporation from competitive bidding requirements applicable to the local government that created it, the County Purchasing Act does not apply to the contracts of a local government corporation created by a county.

Your question pertains to the Harris County Sports and Convention Corporation (the "Corporation"), a local government corporation created by the County under subchapter D, chapter 431 of the Transportation Code. You state that the Corporation is organized to aid and act on behalf of the County in managing, operating, and developing the Astrodomain Complex, which consists of the Astrodome, Astrohall, Astroarena, and related infrastructure. *See* Letter from Michael P. Fleming, Harris County Attorney, to Honorable John Cornyn, Texas Attorney General at 1, 4 (Nov. 12, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. Harris County has leased the Astrodomain Complex to the Corporation for $1.00 a year. *See* Second Amended and Restated Lease Agreement between Harris County, Texas and Harris County Sports & Convention Corporation (Apr. 7, 1999), art. 2, para. 2.01 [hereinafter "Contract"]. The Corporation will operate and manage the facilities for the County. *See* Contract, art. 4, para. 4.01, at 7 (Purpose). Under the lease, "Harris County reserves the right to approve the Corporation's annual budget and agrees to fund any operating deficit and the cost of capital repairs and replacements." Request Letter, *supra*, at 4.

The County will expend a considerable sum to improve the facilities: "The County plans to fund or budget over $200,000,000 for improvements to the Astrodomain Complex within the next two to three years. Funding will be provided from the general fund, commercial paper, certificates of obligation, tax anticipation notes or other debt." *Id.* We understand that these improvements will

be made by the Corporation and that the County will not be party to the contracts. Telephone Conversation with John R. Barnhill, Assistant County Attorney, Harris County, Texas (Mar. 3, 2000). The lease agreement between the County and the Corporation dated April 7, 1999 provides that all purchases made by the Corporation with funds provided by the County will be made in accordance with the County Purchasing Act. *See* Contract, art. 6, para. 6.10, at 13-14 (County Purchasing Act). You ask whether the County Purchasing Act applies to expenditures of funds by the Corporation "irrespective of any requirement in the Lease to comply with such Act." Request Letter, *supra*, at 1. An attorney in your office explains that when the parties entered into the lease, there was some question regarding whether the County Purchasing Act would apply to the Corporation. Telephone Conversation with John R. Barnhill, Assistant County Attorney, Harris County, Texas (Mar. 3, 2000). The Corporation believes that this question has been resolved by 1999 legislation and would like to ask the County to amend the lease if the Corporation is not required by law to comply with the Act. *Id.*

We note that the legal memorandum submitted with your request raises issues other than whether the Corporation is subject to the County Purchasing Act. For example, the memorandum observes that subchapter D of chapter 431 of the Transportation Code does not expressly authorize the local government that creates a local government corporation to fund the operation of the corporation and suggests that this authority may be implied. *See* Request Letter, *supra*, at 4-5. However, you have not asked us to address this issue or any other issue regarding the County's authority to contract with a local government corporation or to lease property to a local government corporation. *See, e.g.*, TEX. LOC. GOV'T CODE ANN. §§ 263.001, .007 (Vernon 1999 & Supp. 2000) (competitive procedures for leasing county property). Accordingly, we limit our analysis to the question asked, which you state as follows: "Our specific question is whether the County Purchasing Act, irrespective of any requirement in the Lease to comply with such Act, applies to expenditures of funds by the Corporation." Request Letter, *supra*, at 1.

The County Purchasing Act generally applies to county purchases. Section 262.023 of the Local Government Code provides that "[b]efore a county may purchase one or more items under a contract that will require an expenditure exceeding $25,000, the commissioners court of the county must comply with the competitive bidding or competitive sealed proposal procedures prescribed by this subchapter." TEX. LOC. GOV'T CODE ANN. § 262.023(a) (Vernon Supp. 2000). These requirements apply "only to contracts for which payment will be made from current funds or bond funds or through time warrants." *Id.* § 262.023(b); *see also id.* § 262.022(1) ("'Bond funds' means money in the county treasury received from the sale of bonds, and proceeds of bonds that have been voted but that have not been issued and delivered."), (3) ("'Current funds' means funds in the county treasury that are available in the current tax year, revenue that may be anticipated with reasonable certainty to come into the county treasury during the current tax year, and emergency funds."), (9) ("'Time warrant' means any warrant issued by a county that is not payable out of current funds."). As the Texas Supreme Court has recognized, however, the requirements of the County Purchasing Act may also extend to the purchases of entities separate from but under the supervision of a county:

> Public policy strongly favors protecting taxpayers with strict oversight of governmental financial transactions. . . . It would be

> entirely contrary to public policy to allow these boards [that handle millions of dollars in public funds] to operate with total autonomy and to avoid the public posting, bidding, purchasing and auditing procedures imposed on counties unless explicitly excluded.

*Lohec v. Galveston County Comm'rs Court*, 841 S.W.2d 361, 365 (Tex. 1992) (concluding that purchases of county beach park board were subject to county control). We gather you are concerned that the County Purchasing Act may apply to the Corporation because it operates on behalf of Harris County for a county purpose and is funded with county funds. We conclude, however, that the 1999 amendments to section 431.101 of the Transportation Code exempt the Corporation from the County Purchasing Act.

While most of chapter 431 provides for transportation corporations authorized by the Texas Transportation Commission and created to promote and develop public transportation facilities, subchapter D authorizes the creation of local government corporations. The term "local government" means a municipality or a county. *See* TEX. TRANSP. CODE ANN. § 431.003(3) (Vernon 1999). Section 431.101 provides that a local government corporation "may be created to aid and act on behalf of one or more local governments to accomplish any governmental purpose of those local governments." *Id.* § 431.101(a) (Vernon Supp. 2000). A local government corporation has the powers of a transportation corporation authorized for creation by the Texas Transportation Commission under chapter 431, which include the powers of a nonprofit corporation incorporated under the Texas Non-Profit Corporation Act. *See id.* §§ 431.062 (Vernon 1999), .101(b), (c) (Vernon Supp. 2000).

In 1999, the legislature amended subchapter D to provide in section 431.101(e) that

> Section 394.904(a), Local Government Code, applies to property and improvements owned by a local government corporation. *Section 394.904(b) of that code applies to each contract awarded by the local government corporation.*

*Id.* § 431.101(e) (Vernon Supp. 2000) (emphasis added) (as added by Act of May 29, 1999, 76th Leg., R.S., ch. 983, § 12, 1999 Tex. Gen. Laws 3763, 3768).

The statute to which this amendment refers, section 394.904 of the Local Government Code, pertains to a housing finance corporation created under the auspices of a "local government," *i.e.*, a municipality or county, to finance residential ownership and development. *See* TEX. LOC. GOV'T CODE ANN. §§ 394.002 (purpose); 394.003(10) (defining "local government"); 394.011 (incorporation) (Vernon 1999 & Supp. 2000). Section 394.904 provides as follows:

> (a) *The acquisition, construction, or rehabilitation of a private residential development or a home* is not subject to requirements relating to public buildings, structures, grounds, works, or

> improvements imposed by the laws of this state, or to any other similar requirements.
>
> (b) *Any competitive bidding requirement* or restriction imposed on the procedure *regarding the award of contracts for that acquisition, construction, or rehabilitation* or regarding the lease, sale, or other disposition of property of the local government is not applicable to any action taken under this chapter.

*Id.* § 394.904 (Vernon 1999) (emphasis added). Subsection (b) of section 394.904, the relevant provision for our purposes, exempts from competitive bidding a housing finance corporation's contracts for "*that* acquisition, construction, or rehabilitation," referencing contracts relating to a private residential development or home in subsection (a), and contracts for "the lease, sale, or other disposition of property." *Id.* This exemption appears to distinguish between contracts relating to private and public projects.

Given the differences between housing finance corporations and local government corporations, particularly the great difference in their breadth of purpose, and the distinction section 394.904(b) appears to make between private and public projects, the reference to section 394.904(b) in section 431.101(e) of the Transportation Code is perplexing. We conclude, however, that section 431.101(e) exempts all contracts of a local government corporation from competitive bidding requirements applicable to the contracts of the local government that created it. In citing section 394.904(b) of the Local Government Code, the legislature referenced an exemption to competitive bidding that exempts certain contracts from municipal and county competitive bidding requirements that might otherwise apply. Furthermore, the legislature provided that this exemption "applies to *each* contract awarded by the local government corporation," TEX. TRANSP. CODE ANN. § 431.101(e) (Vernon Supp. 2000) (emphasis added), and thus clearly intended this exemption to apply to all contracts awarded by a local government corporation. Therefore, although it might have been preferable for the legislature to have provided this competitive bidding exemption in a straightforward fashion, we have no choice but to conclude that the purpose of section 431.101(e) is to exempt all contracts of a local government corporation from competitive bidding requirements applicable to the contracts of the local government that created it.

Given that section 431.101(e) exempts the contracts of a local government corporation from competitive bidding requirements applicable to the contracts of the local government that created it, the contracts of a local government corporation created by a county are not subject to the competitive bidding requirements of the County Purchasing Act. We note, however, that any contracts the county enters into for a local government corporation payable from current funds, bond funds, or through time warrants will be subject to the County Purchasing Act. *See* TEX. LOC. GOV'T CODE ANN. § 262.023(a), (b) (Vernon Supp. 2000).

Accordingly, we conclude that by virtue of section 431.101(e) of the Transportation Code the Harris County Sports and Convention Corporation's contracts are not subject to the competitive bidding requirements of the County Purchasing Act. Therefore, the Harris County Commissioners

Court may decide whether to renegotiate its lease with the Corporation to amend the term requiring the Corporation to comply with the County Purchasing Act, keeping in mind the beneficial purposes of competitive bidding and the best interests of the County. *See generally Texas Highway Comm'n v. Texas Ass'n of Steel Importers, Inc.*, 372 S.W.2d 525 (Tex. 1963) ("'[The] purpose [of competitive bidding] is to stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price, for the best interests and benefit of the taxpayers and property owners.'") (citing *Sterrett v. Bell*, 240 S.W.2d 516, 520 (Tex. Civ. App.–Dallas 1951, no writ)); *see also Lohec*, 841 S.W.2d at 365; TEX. TRANSP. CODE ANN. § 431.104(b) (Vernon 1999) ("A local government that assumes the powers and duties of a local government corporation assumes the assets and *liabilities* of the corporation.") (emphasis added). Of course, any contracts for improvements to the Astrodomain to which the County is a party will be subject to the County Purchasing Act.

**S U M M A R Y**

Because section 431.101 of the Transportation Code as amended by the Seventy-sixth Legislature exempts the contracts of a local government corporation from competitive bidding requirements applicable to the contracts of the local government that created it, the contracts of a local government corporation created by a county are not subject to the competitive bidding requirements of the County Purchasing Act.  *See* TEX. TRANSP. CODE ANN. § 431.101(e) (Vernon Supp. 2000) (as added by Act of May 29, 1999, 76th Leg., R.S., ch. 983, § 12, 1999 Tex. Gen. Laws 3763, 3768).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee